UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, | No. 2:14-cv-00628 TLN DB |
| Plaintiff, | |
| v. | |
| A. GUSTAFSON, et al., | ORDER |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs, excessive force, and retaliation in violation of his First and Eighth Amendment rights.

After the close of discovery, plaintiff filed a discovery motion seeking to compel defendants to produce a "CDCR-7344 Form-Advance Transfer Notice" from December 11, 2012 ("Transfer Notice"), which plaintiff believes will contain the names of possible witnesses to the alleged incidents. (ECF No. 26.) Defendants oppose the motion on its merits and also assert that it is untimely. (ECF Nos. 27; 28.)

The court initially issued a discovery and scheduling order herein, which established deadlines of (i) December 18, 2015, for conducting discovery, including the filing of any motions to compel, and (ii) February 26, 2016, for the filing of pretrial motions, except motions to compel discovery. (ECF No. 16.) The scheduling order specifically warned the parties that "[a]ny

1

1  motions necessary to compel discovery shall be filed by that date." (Id. at 2.) On December 17,
2  2015, defendants moved for a three week extension of the discovery deadline based upon
3  plaintiff's request for additional time to respond to written discovery. (ECF No. 20 at 2.) The
4  court granted that motion, extending the discovery deadline to January 8, 2016, and, again,
5  warned the parties that ""[a]ny motions necessary to compel discovery shall be filed by that
6  date." (ECF No. 21.) Plaintiff filed his motion to compel on February 1, 2016. (ECF No. 26.)

    First, plaintiff's motion is untimely and must be denied on that ground.

    Second, even if the court were to consider the merits of plaintiff's motion to compel, it also fails.

    When permitted, a party may serve requests for production of documents on any other party. Fed. R. Civ. P. 34(a). The discovering party may then move to compel if a responding party fails to produce documents or fails to respond to the inspection request. Fed. R. Civ. P. 37(a)(3)(B)(iii). And where the request for production is at issue, the party moving to compel must file the portion of the request at issue and its proof of service. Local Rule 250.3(c). Additionally, when a party objects to the discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grigsby v. Munguia, No. 2:14-cv-0789, 2015 WL 3442344, at *1 (E.D. Cal. May 28, 2015) (citing Grabek v. Dickinson, No. 2:10-cv-2892, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. 2:11-cv-1030, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011)). To meet that burden, the moving party must "inform the Court which discovery requests are the subject of the motion to compel, and for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." Grigsby, 2015 WL 3442344, at *1.

    Plaintiff's motion to compel does not include the pertinent discovery requests that he claims to have made to defendants, nor does it identify by name which request for production included a demand for the document at issue. Additionally, defendants' review of all discovery requests and their responses did not find any demand that they turn over the Transfer Form. (ECF Nos. 27 at 3; 27-1 at 2.) In his reply memorandum, plaintiff claims that opaque references to three potential witnesses in his discovery requests (requests for admission and interrogatories that

were propounded upon defendants) put defendants on notice about his desire for this document. (ECF No. 32.) This is not sufficient. The court cannot, after the close of discovery, compel defendants to produce a document that was never actually demanded in a discovery request. Because plaintiff's motion is both defective and untimely, it must be denied.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 26) is denied.

Dated:  February 14, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / wash.0628.mtc